UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v.-

MORAD NASSER KASSIM,

Defendant.

15 Cr. 554-3 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the counseled request of Defendant Morad
Nasser Kassim for early termination of his supervised release (Dkt. #350), with
which the Probation Department concurs, as well as the Government's
opposition submission (Dkt. #351).  As set forth in the remainder of this Order,
the Court denies Kassim's request without prejudice to its renewal.

On November 6, 2017, the Court sentenced Kassim principally to a term
of eight months' imprisonment, which it ordered to be followed by a term of
three years' supervised release.  (Dkt. #254 (judgment), 261 (transcript)).  This
sentence represented a downward variance from the applicable range under the
United States Sentencing Guidelines, and it was imposed, in part, because as
the Court noted:

> in the time that he has been on [pretrial] release, Mr.
> Kassim has posed no problem to anyone, he seems to
> have a very stable family environment, he has a stable
> employment situation.  I don't believe him to have been
> the mastermind of this charged conspiracy, and I had a
> lengthy discussion with the probation officer, Ms. Tyler,
> about Mr. Kassim before coming here to court, and she
> noted that in her discussions with Mr. Kassim, he
> demonstrated a real sense of remorse in a way that she
> did not always see with all of the defendants that she's
> interviewed.  So, I accept her views as to the nature of

remorse and the acceptance of responsibility that Mr.
Kassim has demonstrated in this case.

(Dkt. #275 at 33).  Kassim began his period of supervised release on
November 15, 2018; according to the Probation Department, his maximum
expiration date is November 14, 2021.

Kassim submitted his request for early termination of supervised release
on May 12, 2020, and cited as reasons for his request unspecified travel
restrictions, difficulties he had experienced in obtaining permission from his
probation officer to participate in family gatherings, and logistical issues
attendant to his upcoming wedding.  (Dkt. #350 at 4).  The Government
opposes the request, noting that "Mr. Kassim has not proffered changed or
unforeseen circumstances that would warrant cutting his term of supervised
release, which comprised the majority of his sentence, in half," and, further,
that the reasons he does proffer are "the natural consequence of committing a
federal crime and undergoing the imposition of a penalty."  (Dkt. #351 at 2).[1]

A court may, in its discretion, after considering factors set forth in 18
U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),

---

[1]     The Probation Department concurred with the defense in a sealed memorandum dated
May 15, 2020.  Among other things, it cited an internal monograph, the Guide to
Judiciary Policy, which outlines nine criteria for probation officers to consider in
determining whether to recommend early termination: (i) stable community
reintegration (e.g., residence, family, employment); (ii) progressive strides toward
supervision objectives and in compliance with all conditions of supervision; (iii) no
aggravated role in the offense of conviction, particularly large drug or fraud offenses;
(iv) no history of violence (e.g., sexually assaultive, predatory behavior, or domestic
violence); (v) no recent arrests or convictions (including unresolved pending charges) or
ongoing, uninterrupted patterns of criminal conduct; (vi) no recent evidence of alcohol
or drug abuse; (vii) no recent psychiatric episodes; (viii) no identifiable risk to the safety
of any identifiable victim; and (ix) no identifiable risk to public safety based on the Risk
Prediction Index.  *See Guide to Judiciary Policy*, Volume 8, Part E, § 360.20.

"terminate a term of supervised release ... at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e).  The Second Circuit has explained that early termination of probation may be appropriate "to account for new or unforeseen circumstances," like "exceptionally good behavior by the defendant."  *United States* v. *Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (considering a request in the analogous context of early termination of supervised release).  Though new or changed circumstances are not a prerequisite to early termination, *see United States* v. *Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam), a defendant's full compliance with the terms of supervised release, without more, generally does not warrant early termination, *see United States* v. *Rasco*, No. 88 Cr. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).  As a sister court in this District has observed, if every defendant who complied with the terms of a supervised release were entitled to early termination, "the exception would swallow the rule."  *United States* v. *Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

The reasons proffered by Kassim for early termination do not, in and of themselves, suggest new or unforeseen circumstances.  Accordingly, the Court focuses on Kassim's conduct — and, more specifically, his efforts at self-improvement — while on supervised release.  On this point, the Court has insufficient information.  Kassim's supervising Probation Officer relates that "[a]s validated by his progress over the course of supervision, the undersigned

believes that it is in the interest of justice that Morad Nassar Kassim be granted early termination.  He has demonstrated having the necessary skill set to continue to be a productive member of society."  However, other than learning that Kassim was assigned to the Low Intensity Caseload and that he scored a "low" on the Post-Conviction Risk Assessment, the Court does not know the specifics of the progress that Kassim has made while on supervised release.  Kassim and his counsel are invited to submit detailed information in that regard to the Court; until then, his request is denied without prejudice to its renewal.

      SO ORDERED.

Dated:     May 22, 2020
            New York, New York

_____
     KATHERINE POLK FAILLA
    United States District Judge